UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER


PHILLIP P. M. SMITH,                          )
                                              )
                    Petitioner,               )
v.                                            )     Nos. 4:04-cv-60 / 4:02-cr-45
                                              )     *Edgar*
UNITED STATES OF AMERICA,                     )
                                              )
                    Respondent.               )


## REPORT AND RECOMMENDATION


## I.    Introduction

        Phillip P.M. Smith ("Smith"), a federal prisoner, has filed a *pro se* motion to vacate, set

aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 1].  The government has filed its

response to Smith's § 2255 motion [Doc. No. 4].  Smith has also filed a reply to the government's

response [Doc. No. 5].  Smith's motion is now ripe for review, and has been referred for a report and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) [Doc. No. 7].  I conclude Smith's § 2255

motion is without merit, and I **RECOMMEND** it be **DENIED AND DISMISSED WITH**

**PREJUDICE** for the reasons set forth herein.

## II.   Background

### A.    Procedural Background

        On August 13, 2002, a federal grand jury issued a one-count Indictment charging Smith with

possession with intent to distribute in excess of five grams of cocaine base ("crack"), a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Specifically, the one-count Indictment charged:

> that on or about May 3, 2001, in the Eastern District of Tennessee, the Defendant, PHILLIP P.M. SMITH, did knowingly, intentionally, and without authority possess with the intent to distribute in excess of five grams of cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

[Case No. 4:02-cr-45, Doc. No. 2].

On April 7, 2003, Smith pled guilty to the crime charged in count one of the Indictment. There was no plea agreement between Smith and the government. Thereafter, on August 11, 2003, Smith was sentenced to a term of 262 months imprisonment, to be followed by an eight year term of supervised release. Smith did not file a direct appeal. Smith's § 2255 motion was timely filed on July 27, 2004 [Doc. No. 1].

**B.     Factual Background**

The facts of Smith's underlying criminal case are summarized in the presentence investigation report ("PSR"), which indicates that at the time of his guilty plea, Smith substantially agreed with the factual basis presented by the government [PSR at 4, ¶ 9]. The PSR sets forth the facts underlying Smith's conviction as follows:

> On May 3, 2001, officers with the Winchester, Tennessee Police Department served a search warrant at the South Point Apartments, #10, First Avenue. The apartment was the residence of defendant Phillip Smith and the search warrant was based upon confidential informant information that the defendant was involved in the distribution of crack cocaine.
>
> When officers entered the residence, they encountered several individuals. The defendant was located in a bedroom and an officer

2

observed Mr. Smith slide something under the mattress when he entered the room. The officer than called for another officer and the two retrieved a bag containing crack cocaine from underneath the mattress. Laboratory analysis indicates that the crack weighed 12.7 grams. Mr. Smith made no statement to police at the time of his arrest. Mr. Smith made bond following this arrest and absconded. He was later arrested on an outstanding warrant and returned to custody in Winchester, Tennessee.

[PSR at 3, ¶¶ 5-6].

## III.    Smith's § 2255 motion

### A.    Standard of Review

A court must vacate and set aside a sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir.), *cert. denied*, 439 U.S. 998 (1978). To warrant relief for a nonconstitutional error requires a showing of a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir.), *cert. denied*, 517 U.S. 1200 (1996).

**B.**   **Issues**

In support of his § 2255 motion, Smith claims:

1.   His conviction and sentence must be vacated because Count One of the Indictment failed to charge a federal offense against the laws of the United States;

2.   His conviction and sentence under Count Two of the Indictment must be vacated because: (1) the attorney for the government lacked federal prosecutorial and subject-matter (geographical territory) jurisdiction over the State of Tennessee and (2) the indictment failed to allege the offense occurred on federal land and property for the establishment of federal prosecutorial jurisdiction over the offense of cocaine distribution;

3.   His conviction and sentence must be vacated because the factual basis for the plea was insufficient to reflect that Smith possessed five grams of cocaine base ("crack");

4.   The trial court erred in accepting his plea of guilty because Article III, § 2, cl. 3 of the Constitution of the United States proscribes a

4

mandatory duty upon all federal judges to convene a jury trial in all federal felony cases;

5.      He is actually innocent of committing a crime on federal prosecutorial (geographic territory) jurisdiction; and

6.      He was denied the effective assistance of counsel at every stage of the proceedings.

[Doc. No. 1; Doc. No. 2 at 3-33].

C.      **Analysis**

1.      ***Whether the Indictment was jurisdictionally defective***

Smith asserts his conviction and sentence under Count One of the Indictment must be vacated because the Indictment failed to charge a federal offense against the laws of the United States [Doc. No. 1 at 3-8]. In particular, Smith asserts Count One of the Indictment "is jurisdictionally defective, *i.e.*, it failed to allege that [Smith's] — 'intent to distribute in excess of five grams of cocaine base (crack),' had an effect on <u>interstate commerce</u> for the establishment of federal prosecutional jurisdiction and a crime against the laws of the United States" [*id.* at 3-4] (emphasis in original). Thus, according to Smith, the Indictment failed to allege an essential element of the offense charged in Count One; namely, that his intent to distribute cocaine base ("crack") had an effect on interstate commerce [*id.* at 5].

Smith's assertion that the Indictment was defective because it failed to charge an essential element of the offense charged in Count One of the Indictment – that his intent to distribute cocaine base ("crack") had an effect on interstate commerce – is without merit. To establish the elements of possession with intent to distribute illegal drugs under 21 U.S.C. § 841(a)(1) the government must prove: "(1) the defendant knowingly: (2) possessed a controlled substance; (3) with intent to distribute." *United States v. Salgado*, 250 F.3d 438, 447 (6th Cir.), *cert denied*, 534 U.S. 916 *and*

534 U.S. 936 (2001).

Further, Smith's assertion that an effect on interstate commerce is an essential element under 21 U.S.C. § 841(a)(1) has been soundly rejected by the federal courts. In his brief, Smith cites *United States v. Lopez*, 2 F. 3d 1342 (5th Cir. 1993), *aff'd*, 514 U.S. 549 (1995). In *United States v. Lopez*, 514 U.S. 549, 551 (1995), the Supreme Court declared the Gun-Free School Zones Act of 1990, 18 U.S.C. § 922(q)(1)(A)(1988), to be an unconstitutional exercise of Congress's authority under the commerce clause, U.S. Const., Art I, § 8, cl. 3. The Act, § 922(q)(1)(A), made it a federal offense "for any individual knowingly to possess a firearm at a place that the individual knows, or has reasonable cause to believe, is a school zone." *Id.* (quoting 18 U.S.C. § 922(q)(1)(A)(1988)). The Supreme Court held § 922(q)(1)(A) to be an unconstitutional exercise of Congressional power under the commerce clause because it "neither regulates a commercial activity nor contains a requirement that the possession be connected in any way to interstate commerce." *Lopez*, 514 U.S. at 551. The Court stated that § 922(q):

> is a criminal statute that by its terms has nothing to do with "commerce" or any sort of economic enterprise, however broadly one might define those terms. Section 922(q) is not an essential part of a larger regulation of economic activity, in which the regulatory scheme could be undercut unless the intrastate activity were regulated. It cannot, therefore, be sustained under our cases upholding regulations of activities that arise out of or are connected with a commercial transaction, which viewed in the aggregate, substantially affect interstate commerce.
>
> Second, § 922(q) contains no jurisdictional element which would insure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce.

*Id.* at 561.

In *United States v. Tucker*, 90 F.3d 1135, 1139 (6th Cir. 1996), the defendants challenged their convictions and sentences under 21 U.S.C. § 860(a). The statute, 21 U.S.C. § 860(a), doubles

the maximum punishment for a conviction for manufacture of and/or possession with the intent to distribute controlled substances under 21 U.S.C. § 841(a), when such drug trafficking activity occurs within one thousand feet of a school. *Id.* Relying on the Supreme Court's decision in *Lopez*, the defendants asserted 21 U.S.C. § 860(a) exceeded the scope of Congressional power under the commerce clause.

The Sixth Circuit squarely rejected the defendants' challenge to the constitutionality of § 860(a), stating that the statute addresses a commercial activity which falls within Congress's power to regulate interstate commerce. *Id.* at 1140. The Sixth Circuit stated that unlike the possession of a firearm which was at issue in *Lopez*:

> drug trafficking is an "economic enterprise" that substantially affects interstate commerce in numerous clear ways. Each individual instance of cocaine dealing, for example, represents the end point of a manufacturing, shipping, and distribution network that is interstate – and international – in nature. In fact, Congress included specific findings to that effect when it passed the Controlled Substances Act.

*Id.* The Sixth Circuit stated that congressional power to enact the Controlled Substances Act was derived from the interstate nature of the illegal drug trade, as opposed to the situation in *Lopez* where the mere possession of a firearm or the mere fact of being in a school zone was not the basis for the exercise of the federal power over interstate commerce. *Id.*

In addition, the Sixth Circuit noted that it had upheld the federal criminalization of intrastate drug dealing pursuant to the Commerce Clause prior to the decision in *Lopez* in *United States v. Scales*, 464 F.2d 371, 375 (6th Cir. 1972); and, it further noted that every jurisdiction that had decided the issue after *Lopez* had also upheld federal criminalization of intrastate drug dealing under the Commerce Clause. *Id.* (citing *United States v. Lerebours*, 87 F.3d 582, 584-85 (1st Cir. 1996); *United States v. Staples*, 85 F.3d 461, 463 (9th Cir. 1996); *United States v. Genao*, 79 F.3d 1333,

1336-37 (2d Cir. 1996); *United States v. Brown*, 72 F.3d 96, 97 (8th Cir. 1995), *cert. denied*, 518 U.S. 1033 (1996); *United States v. Wacker*, 72 F.3d 1453, 1475 (10th Cir. 1995); *United States v. Leshuk*, 65 F.3d 1105, 1111-12 (4th Cir. 1995); *United States v. Lynch*, 908 F. Supp. 284, 291 (D.V.I. 1995)).

Accordingly, I conclude Smith's claim Count One of the Indictment was jurisdictionally defective because it failed to allege a nexus to interstate commerce is without merit, and I **RECOMMEND** it be **DISMISSED**.

> 2.      *Whether the United States/United States Attorney had authority and/or jurisdiction to prosecute Smith under federal law*

Plaintiff also contends his conviction and sentence under Count Two of the Indictment should be vacated because: (1) the attorney for the government lacked federal prosecutorial and subject matter (geographical territory) jurisdiction and (2) Court Two failed to allege the offense occurred on federal land and property for purposes of establishing federal jurisdiction [Doc. No. 2 at 9-18].

As the Indictment against Smith was a single-count Indictment, there is no Count Two. However, the Court will assume merely for the purpose of argument, that Smith's assertions refer to Count One of the Indictment.

Smith asserts that because his criminal conduct took place at South Point Apartments, Apt. #10, Winchester, Tennessee, there is no federal jurisdiction over his possession of cocaine base with intent to distribute because the drug trafficking offense did not occur on land or property "belonging exclusively to the Federal United States Government" [*id.* at 11]. Smith further asserts there would be no federal jurisdiction over his drug trafficking offense unless it "occurred in a federal prison, in a federal post office, or on a federal military installation" [*id.* at 12]. Finally, Smith asserts that

the United States Attorney lacked federal prosecutorial jurisdiction to prosecute him in a federal court for what is an offense under the laws of the State of Tennessee [*id.* at 13].

Smith's assertions are lacking in merit. Smith was prosecuted for a violation of 21 U.S.C. § 841(a)(1) which provides in pertinent part that it is "unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. . . ." Title 18 U.S.C. § 841 not a law of the State of Tennessee, it is a federal statute; and, thus, a violation of 18 U.S.C. § 841 is a violation against the United States, not a violation against the State of Tennessee.

Further, the Court had original and exclusive jurisdiction over Smith's federal offense pursuant to 18 U.S.C. § 3231, which provides that "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, or all offenses against the laws of the United States." Also, the United States Attorney has the authority to prosecute all offenses against the United States under 28 U.S.C. § 547(1), which states in relevant part that "each United States attorney, within his district, shall prosecute for all offenses against the United States. . . ."

In *United States v. Hamilton*, 263 F.3d 645, 647 (6th Cir. 2001), *cert. denied*, 535 U.S. 1007 (2002), the defendant, a former police officer in Louisville, Kentucky, was indicted and convicted of charges of conspiracy to commit credit card fraud, extortion and attempted extortion. On direct appeal, the defendant filed his own *pro se* brief in addition to the brief filed by his attorney, asserting, *inter alia*, that the federal district court for the Western District of Kentucky lacked jurisdiction over the federal charges brought against him because "Louisville, Kentucky is a location, which is not out of the jurisdiction of the sovereign state of Kentucky; thus, it is NOT WITHIN the jurisdiction of the Federal United States." *Id.* at 655. The Sixth Circuit rejected

Hamilton's argument as frivolous because it ignores the basic principle of federalism embodied in the Constitution of the United States. The Sixth Circuit stated:

> The fact that Kentucky has sovereignty within its boundaries does not bar the United States from having concurrent jurisdiction to indict and prosecute Hamilton for federal crimes occurring within those same boundaries . . . In addition, 28 U.S.C. § 97(b) provides that the jurisdiction of the Western District of Kentucky covers various counties, including Jefferson County, where Hamilton's crimes were committed.

*Id.* at 655-56.

Similarly, in this instance, Smith's drug trafficking offense occurred in Winchester, Tennessee, which is located in Franklin County, Tennessee. *See* www.winchester.tennessee.com. Title 28 U.S.C. § 123(a)(4) provides that this Court, the Eastern District of Tennessee, has jurisdiction over the Winchester Division, which includes Franklin County, Tennessee.

In addition, in *United States v. Russell*, 30 F. App'x 348, 351 (6th Cir.), *cert. denied*, 537 U.S. 848 (2002), the defendant asserted in his *pro se* brief "that the district court lacked subject matter jurisdiction over his offense because it occurred on private property within the State of Ohio, not on federal territory." The Sixth Circuit rejected this argument as "patently meritless." *Id.* The Sixth Circuit stated: (1) under 18 U.S.C. § 3231 the federal courts have the exclusive jurisdiction over offenses against the laws of the United States and do not require the permission of the states as a prerequisite to the exercise of such jurisdiction and (2) "Article I, Section 8 of the United States Constitution grants Congress the power to create, define, and punish crimes irrespective of where they are committed." *Id.* at 351-52 (citing *United States v. Mundt*, 29 F. 3d 233, 237 (6th Cir. 1994); *United States v. Sitton*, 968 F.2d 947, 953 (9th Cir. 1992); *United States v. Allen*, 954 F.2d 1160, 1165-66 (6th Cir. 1992)).

Accordingly, I conclude Smith's assertions (1) the United States attorney lacked authority to prosecute him for his drug trafficking offense and (2) the Court lacked subject matter jurisdiction over his offense because it was committed on private property in the State of Tennessee and not on federal territory are without merit, and I **RECOMMEND** they be **DISMISSED**.

### 3. *Whether the factual basis for Smith's guilty plea was sufficient*

Smith asserts his conviction and sentence should be vacated because the factual basis for his guilty plea was insufficient to reflect that he possessed five grams of cocaine base (crack) [Doc. No. 2 at 18]. Smith asserts the factual basis put forth by the government at his change of plea hearing did not support a finding that he possessed five grams of cocaine base (crack) [*id.* at 18-19]. More specifically, Smith asserts "that after the police searched [him] they found <u>no</u> drugs, money, or drug paraphernalia in his possession that would tend to show that [he] 'distributed' 5 grams of cocaine base (crack)" [*id.* at 19-20].[1]

Smith, however, entered a guilty plea to the offense charged in Count One of the Indictment. "[A] guilty plea, where there is no assertion that the plea was involuntary or made with a lack of understanding of the nature of the charges or consequences of the plea, admits all averments of fact in the indictment, cures all non-jurisdictional defects, waives all defenses, and relieves the prosecution from the duty of proving any facts." *Burch v. United States*, No. 88-6214, 1989 WL 54715, * 1 (6th Cir. May 25, 1989) (citing *Tollett v. Henderson*, 411 U.S. 258, 260-67 (1973); *United States v. Davis*, 452 F.2d 577, 578 (9th Cir. 1981) (per curiam)). A guilty plea admits all

---

[1] In his reply brief, Smith contends that at his change of plea hearing and sentencing, "no one [s]pelled out for [the district judge] that if you can't 'smoke' it, its not crack cocaine base!" [Doc. No. 5 at 16]. He asserts there was no evidence "that the cocaine base (crack) as alleged in the instant indictment was 'smokeable', *i.e.*, a distinct (separate) [sic] form of cocaine base from the one charged in the indictment." [*id.*].

factual allegations in the indictment, including those which "form the predicate for federal jurisdiction." *Burch*, 1989 WL 54715 at * 1 (citing *United States v. Matthews*, 833 F.2d 161, 164 (9th Cir. 1987)).

Morever, the factual basis for Smith's guilty plea, as set forth in the PSR, established the elements of the offense. When officers with the Winchester, Tennessee Police Department served a search warrant at Smith's apartment in Winchester on May 3, 2001, an officer observed Smith slide something under the mattress when he entered the room. [PSR at 3, ¶ 6]. The officer retrieved a bag containing crack cocaine from underneath the mattress and, laboratory analysis indicated the crack weighed 12.7 grams [*id.*]. Thus, had Smith chosen to go to trial, the officers could have testified that Smith possessed, and/or constructively possessed, a quantity of crack cocaine sufficient under the statute. For purposes of 21 U.S.C. § 841(a), the government need only prove that a defendant actually possessed or constructively possessed a controlled substance. *United States v. Helton*, 32 F. App'x 707, 712 ( 6th Cir. 2002) (citing *United States v. Welch*, 97 F.3d 142, 150 (6th Cir. 1996)). The PSR further indicated that the search warrant for Smith's apartment "was based upon confidential informant information that [Smith] was involved in the distribution of crack cocaine." [*id.*]. The addendum to the PSR indicates that "the defense notified the probation officer in writing on June 13, 2003 of having no objections to the Presentence Report." [Addendum to PSR].

Intent to distribute can be inferred from the quantity of drug possessed. *United States v. Lowe*, 172 F. App'x 91, 98 (6th Cir. 2006). Moreover, the government notes in its response to Smith's § 2255 motion, that its factual basis included the information from a confidential informant that Smith was involved in the distribution – *i.e.,* selling, of crack cocaine [Doc. No. 4 at 6].

Accordingly, I conclude Smith's claim the factual basis of his guilty plea was insufficient is without merit, and I **RECOMMEND** it be **DISMISSED**.

### 4. *Whether the district judge lacked the authority to accept Smith's guilty plea*

Smith asserts the district judge violated the United States Constitution in accepting his guilty plea [Doc. No. 2 at 21-24]. Smith asserts the Constitution, Art. III, § 2, cl. 3, "proscribes a mandatory duty upon all federal judges to convene a jury trial in all federal felony cases." [*id.* at 21]. Thus, Smith asserts he could not waive his right to a jury trial on the federal drug trafficking charges against him based upon his guilty plea [*id.* at 22]. Rather, he asserts the only place he could waive his right to trial by jury is in the "State and County Courts." [*id.*].

Smith's assertion is meritless. Fed. R. Crim. P. 11(a) permits a defendant to plead guilty. A guilty plea not only admits all the elements of a formal criminal charge, but it also waives a number of federal constitutional rights, including the right to a trial by jury, the right to a speedy trial and the right to require the prosecution to prove all the elements of the charge against the defendant beyond a reasonable doubt. *Foster v. United States*, No. 97-1452, 1998 WL 152755, * 2 (6th Cir. Mar. 26, 1998) (citing *Tollett*, 411 U.S. at 267). *See also United States v. Selva*, No. 94-1514, 1994 WL 706708, * 3 (6th Cir. 1994) (a plea of guilty simultaneously waives numerous constitutional rights including the right to a jury trial).

Accordingly, I conclude Smith's claim this Court lacked the authority to take his plea of guilty to the drug trafficking charge against him is without merit, and I **RECOMMEND** it be **DISMISSED**.

5.      ***Whether Smith is "actually innocent" of the offense charged in the Indictment***

Smith asserts he is "actually innocent of committing a crime on federal prosecutorial (geographical territory) jurisdiction" [Doc. No. 2 at 26].  Specifically, Smith asserts he is actually innocent of the drug trafficking offense charged in Count One because it was committed on private land and property; namely, the "South Point Apartments, Apt. #10, in Winchester, Tennessee" [*id.*].  Smith further asserts he is actually innocent of the crime charged in Count One because the Indictment failed to allege his intent to distribute 5 grams of cocaine base had an effect on interstate commerce [*id.*].  Smith finally asserts the Indictment failed to alleged his crime was committed on federal land and property for the establishment of a cognizable federal criminal offense [*id.*].

This argument is essentially a reiteration of the arguments Smith made in connection with his first and second claims.  As is fully discussed above, the Indictment against Smith was not jurisdictionally defective and the United States and/or the United States Attorney had the authority to prosecute Smith under federal law.  Thus, Smith is not "actually innocent" because the drug offense was committed in his residence and not on federal territory or property, nor is Smith actually innocent because the Indictment did not allege his drug trafficking offense had an effect on interstate commerce.

Accordingly, I conclude Smith's claim he is actually innocent of the offense in Count One of the Indictment is without merit, and I **RECOMMEND** it be **DISMISSED**.

6.      ***Whether Smith received the effective assistance of counsel***

Smith asserts he was denied the effective assistance of trial counsel at every critical stage of the proceedings [Doc. No. 2 at 29-33].  Smith asserts his trial counsel was ineffective because she advised him to plead guilty to a federal drug offense without first: (1) conducting pretrial discovery;

(2) investigating the government's case against her client; and (3) filing a suppression motion concerning the 5 grams of cocaine base (crack) seized in a search incident to Smith's arrest [*id.* at 29].  In particular, Smith asserts that:

> it is not whether counsel succeed[s] on a "motion to suppress," it is his duty to file such a motion on behalf of her client's [sic] behalf, regardless of the outcome.

[*id.* at 30].  Thus, Smith asserts his counsel's failure to file a motion to suppress on his behalf was deficient.  Smith further asserts his appointed trial counsel was "(1) not fully prepared to take the government's case to trial; (2) failed to advise him the government was required by law to prove each and every element of the charge against him beyond a reasonable doubt; (3) failed to advise him of his right to a jury trial; (4) failed to file a motion to suppress; (5) failed to advise him he was actually innocent of the charge of possession with intent to distribute five grams of cocaine base found in the apartment; (6) failed to move the trial court to dismiss the federal indictment against him for lack of federal prosecutorial (geographical territory) jurisdiction; and (7) had defense counsel sought discovery, she would have discovered the arresting states detective seized four rocks of crack cocaine weighing 0.5 grams" [Doc. No. 2 at 31-32].

### a.  Ineffective Assistance Standard of Review

The Sixth Amendment provides criminal defendants with the right to reasonably effective assistance of counsel.  U.S. Const. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To prove an ineffective assistance of counsel claim, a petitioner usually must show (1) counsel's deficient representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced petitioner's defense so as to render the trial unfair and the result unreliable.  *Strickland*, 466 U.S. at 687-88.

To satisfy the prejudice prong of the *Strickland* test, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "The essential question is whether better lawyering would have produced a different result." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). Thus, the court must focus on whether counsel's errors, if any, have likely undermined the reliability of and confidence in the result. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). With regard to *Strickland* the Sixth Circuit has stated:

> To show deficiency, the defendant must identify specific "acts or omissions [that] were outside the wide range of professionally competent assistance." [*Strickland*, 466 U.S.] at 690. To show prejudice, the defendant must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. This court has read *Strickland* as permitting a conclusion of ineffective assistance of counsel "only if [counsel's] performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 2969 (1993).

*Borch v. United States*, 47 F.3d 1167, 1995 WL 7979, * 2 (6th Cir. Jan. 9, 1995), *cert. denied*, 514 U.S. 1134 (1995). As the failure to establish prejudice is dispositive of a claim of ineffective assistance of counsel, the court need not address the reasonableness of counsel's behavior. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). In any event, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 689; *Sims v. Livesay,* 970 F.2d 1575, 1579-80 (6th Cir. 1992).

To prevail on his claims of ineffective assistance of counsel, Smith must demonstrate a "'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of

justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Because his conviction and sentence are final, Smith "'must clear a significantly higher hurdle than would exist on direct appeal" in order to obtain relief. *See Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (quoting *United States v. Frady,* 456 U.S. 152, 166 (1982)).

### b.    Analysis

Although Smith asserts that if his defense counsel had filed a motion for discovery, she "would have discovered that the arresting State detective only seized 4 rocks of crack cocaine with a weight of 0.5 grams" [Doc. No. 2 at 32], Smith has neither submitted, nor cited to, any support for his assertion about the weight of crack cocaine seized as the result of the execution of the search warrant at his apartment. Smith also did not challenge the assertion in the PSR that laboratory analysis of the crack seized from his apartment showed that the crack weighed 12.7 grams [PSR at 3, ¶ 6]. Smith has simply not identified any evidence his counsel failed to discover that would have altered her view of the strength of the government's case against Smith.[2]

Smith further asserts his counsel failed to advise him that the United States was required by law to prove each and every element of his drug trafficking offense beyond a reasonable doubt and that he would be waiving certain constitutional rights as the result of his guilty plea. Pursuant to Fed. R. Crim P. 11(b)(1) before a court accepts a guilty plea, the court must place the defendant

---

[2] In his reply brief, Smith alleges his trial counsel "was not familiar with the facts and law relevant to her client's case." [Doc. No. 5 at 27]. However, as discussed throughout this report and recommendation, Smith's legal assertions challenging his guilty plea conviction and sentence are meritless. Moreover, other than his factual assertions that the drug must be "smokeable" to be crack cocaine base and that, despite a laboratory report indicating 12.7 grams of crack cocaine were seized from his apartment, his counsel would have discovered that only 0.5 grams of crack cocaine were actually seized, Smith has not specified any other facts relevant to his decision to plead guilty of which his trial counsel was unaware.

under oath and determine the defendant understands certain of his constitutional rights including:

> **(B)** the right to plead not guilty, or having already so pleaded to persist in that plea;
> **(C)** the right to a jury trial;
> . . .
> **(E)** the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
> **(F)** the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;
> **(G)** the nature of each charge to which the defendant is pleading.
> ...

Although Smith contends that his trial counsel did not advise him of certain of his constitutional rights, he does not assert that the Court did not inform him of the elements of his offense, his right not to plead guilty and the constitutional rights he was giving up as a result of his guilty plea at his change of plea hearing. Further, as reflected in the PSR, Smith had four felony guilty plea convictions in state court involving the distribution of drugs and was no stranger to the criminal justice system [PSR at 5-7, ¶¶ 24-27]. In the context of a guilty plea based upon allegedly constitutionally unreasonable advice, Smith must demonstrate that there is a reasonable probability that "but for counsel's errors [he] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* Even assuming for the sake of argument that Smith's counsel did not advise him of his right not to plead guilty and to go to trial and also did not inform him of the constitutional rights he was giving up as the result of his guilty plea, Smith has not even contended that this Court did not discuss these matter during the change of plea colloquy as required by Fed. R. Crim. P. 11(b). Thus, Smith has not shown a reasonable probability he would not have pled guilty and would have insisted on going to trial if counsel had discussed the aforementioned matters

with him.[3]

Further, although Smith asserts his trial counsel was ineffective for failing to file a motion to suppress, he cites no facts that would have supported a motion to suppress. Rather, he asserts his counsel should have filed a motion to suppress regardless of the outcome of the motion [Doc. No. 2 at 30]. In this instance, pursuant to the execution of a warrant for Smith's residence, Smith was observed by the executing law enforcement agents in possession of the crack cocaine which was then immediately seized after their observation. Thus, Smith's assertions provide no basis for a finding that if Smith's trial counsel had filed a motion to suppress it would have resulted in a different outcome to this matter – i.e., that it would have resulted in suppression of the evidence or dismissal of the charges against him.

Finally, Smith asserts his counsel: (1) failed to advise him he was actually innocent of the charge of possession with intent to distribute five (5) grams of cocaine base found in his apartment and (2) failed to move for dismissal of the federal indictment against him for lack of federal prosecutorial and subject matter (geographical territorial) jurisdiction [Doc. No. 2 at 31-32]. As is discussed above, Smith's claims that he was actually innocent of the drug trafficking charge and that there was a lack of prosecutorial/subject matter jurisdiction for the drug trafficking charge are meritless. Thus, Smith cannot show any prejudice resulting from his trial counsel's alleged failure to give him meritless legal advice.

Accordingly, I conclude Smith's claim his trial counsel rendered ineffective assistance is

---

[3] In his reply brief, Smith asserts he was denied the effective assistance of counsel because his trial counsel "was not appointed to fully represent" him. [Doc. No. 5 at 24]. However, on February 6, 2003, this Court entered an order appointed Federal Defender Services of Eastern Tennessee, Inc. to represent Smith [Case No. 4:02-cr-45, Doc. No. 5]. Smith's trial counsel was an attorney employed by Federal Defendant Services of Eastern Tennessee, Inc.

without merit, and I **RECOMMEND** it be **DISMISSED**.

### D. Appeal From This Action

In addition, after review of this case pursuant to 28 U.S.C. § 1915(a)(3) and Rule 24 of the Federal Rules of Appellate Procedure, I **RECOMMEND** the court **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, I **RECOMMEND** any application by Smith for leave to proceed *in forma pauperis* on appeal be **DENIED**. 28 U.S.C. § 1915(a)(3); Fed. R. Civ. P. 24. I further **RECOMMEND** that should Smith file timely notice of an appeal, such notice should be treated as an application for a certificate of appealability, which should be **DENIED** since he has failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Rule 22(b) of the Federal Rules of Appellate Procedure.

### IV. Conclusion

Accordingly, and as set forth more fully above, it is **RECOMMENDED**[4]:

1). Smith's § 2255 motion [Doc. No. 1] be **DENIED AND DISMISSED WITH PREJUDICE**;

2). Any application by Smith for leave to proceed *in forma pauperis* on appeal be **DENIED**; and

3). Should Smith file a timely notice of an appeal, such notice be treated as an

---

[4] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide de novo review where objections to this Report and Recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

application for a certificate of appealability and **DENIED**.


s/Susan K. Lee
_____
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE